UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARQUIS CHAPMAN,**

    **Plaintiff,**

v.                                                          Case No. 17-CV-266

**CO MIGALA,**
**CAPTAIN LUNDMARK, and**
**SECURITY DIRECTOR ACHTERBERG,**

    **Defendants.**

---

## REPORT AND RECOMMENDATION

---

Plaintiff Marquis Chapman, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. On March 2, 2017, Chapman consented to having his case proceed before a U.S. Magistrate Judge. (Docket # 5.) This matter is now before me for screening. For the reasons that I explain below, I recommend that Chapman's complaint be dismissed because he fails to state a claim upon which relief can be granted.

## BACKGROUND

Chapman alleges that on August 10, 2016, defendant correctional officer, ("CO") Migala was escorting him to his cell, when Chapman asked Migala to give him some inmate complaint forms so he could make a complaint against Migala for harassment. Migala refused to get the complaint forms. When they arrived at Chapman's cell, Migala began to cuff Chapman to his cell door. Chapman told Migala he was doing it incorrectly; Migala pushed Chapman into his cell.

Once Chapman was in the cell, Migala and Chapman began to argue; Migala pulled on the tether strap and his key accidentally fell on Chapman's cell floor. Migala ordered Chapman to give him the key; Chapman refused and told Migala that he would give the key to another corrections officer. Once a second officer arrived, Chapman gave him the key through his trap and the officer finished removing Chapman's cuffs.

Migala wrote Chapman a conduct report for disobeying orders, disrespect, and disruptive conduct. A hearing was held. Security Director Achterberg refused Chapman's request to have Migala testify at the hearing. Captain Lundmark found Chapman guilty of all charges. Lundmark would not explain to Chapman why Migala did not testify or provide a written statement.

Chapman filed an inmate complaint about Migala and Achterberg's alleged misconduct, but the complaint was dismissed without anyone interviewing Chapman. Chapman asserts it is against institution policy to dismiss a complaint about staff misconduct without interviewing the complaining inmate. Chapman states they (he does not identify who "they" is) did not investigate his complaint because they did not want to find out about Migala's misconduct.

## ANALYSIS

Federal law requires that the court screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this case, Chapman alleges that Migala retaliated against him when he wrote Chapman a conduct report after Chapman told him he was going to file an inmate complaint against him. Chapman also alleges that Achterberg denied Chapman's request that Migala testify at his disciplinary hearing because Acterberg did not want to know the truth about Migala's alleged misconduct.

To state a First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in an activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Although Chapman alleges that he engaged in activity protected by the First Amendment (by expressing a desire to avail

3

himself of the grievance procedures) and that he suffered a deprivation that would likely deter First Amendment activity in the future (by receiving a conduct report and being denied the opportunity to present witnesses), Chapman does not plausibly allege that the First Amendment activity was a motivating factor in Migala's decision to write the conduct report.

Courts are obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even with that being the case, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id*. at 556 (emphasis added).

Here, Chapman admits that he refused to give Migala his keys (Docket # 1 at ¶ 7) and that he swore at Migala "because he pissed [him] off" (Docket # 1-1 at 5). Based on those admissions, it simply is not reasonable for me to infer a motivating factor for Migala writing the conduct report was that Chapman had threatened to file an inmate complaint about him. The only reasonable inference is that Migala wrote the conduct report because Chapman *did* disobey orders, he *was* disrespectful, and he *did* engage in disruptive conduct. I recommend that Chapman not be allowed to proceed on a retaliation claim against Migala.

I also recommend that Chapman not be allowed to proceed on a retaliation claim against Achterberg. Chapman alleges that the reason Achterberg did not let him call Migala as a witness is because he "would find out" about what Migala had done. (Docket # 1 at ¶ 20.) In other words, Chapman does not allege that Achterberg's decision was motivated by

4

the fact that Chapman had threatened to file an inmate complaint against Migala. According to Chapman, Achterberg's motivation for the denial was simply to avoid knowing this truth. I recommend that Chapman's retaliation claim against Achterberg be dismissed.

Chapman also alleges that Achterberg and Migala violated his First Amendment free speech rights. While I am not entirely clear on the basis for Chapman's claim, it appears that Chapman is alleging that Achterberg violated his rights to free speech when he prohibited Chapman from having Migala appear as a witness at the disciplinary hearing. The problem is that *Migala* testifying has nothing to do with *Chapman's* right to free speech. In other words, Chapman's right to free speech does not include the right for him to compel *others* to speak.

It may be that Chapman intended to allege that his Fourteenth Amendment due process rights were violated when Achterberg denied him the opportunity to question Migala as a witness. However, this claim also fails. After being found guilty, Chapman received 120 days in disciplinary segregation. (Docket # 1-1 at 6.) Being placed in disciplinary segregation can trigger due process protections. *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate was entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id*. If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. *Id*. at 697-98.

5

Chapman was subjected to a disciplinary segregation sentence of 120 days. This is not an extreme period of time, and standing alone, it does not trigger due process protections. *Id*. at 697 (citing *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). In addition, Chapman is silent as to the conditions he endured while in disciplinary segregation, leading me to infer that the conditions were not significantly harsher than those in the general population. As a result, Chapman has not identified a liberty interest giving rise to the need for due process protections. In short, Achterberg did not violate the Constitution when he denied Chapman's request to present Migala as a witness at the hearing because the Constitution did not require that Chapman be given a hearing in the first place. I recommend that Chapman not be allowed to proceed on such a claim.

Chapman also asserts a Fourteenth Amendment Equal Protection (class of one) claim. "A class-of-one plaintiff must plead and prove that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685-86 (7th Cir. 2013) (citations omitted). I conclude that Chapman fails to state a claim because he does not identify any other similarly situated individuals who were treated differently from him.

Finally, I recommend that Captain Lundmark, the disciplinary hearing officer, be dismissed as a defendant. As I already mentioned, Chapman has not identified a liberty interest giving rise to the need for due process protections (*i.e.,* the Constitution did not require that Chapman receive a hearing). However, even assuming Chapman had been entitled to a hearing, I would dismiss Lundmark. Chapman alleges that Lundmark found him guilty of all charges and that he would not answer Chapman's questions about why Migala was not required to provide a statement.

Lundmark finding Chapman guilty is not, on its own, sufficient for Chapman to state a claim. *See Wilson v. Greetan*, 571 F.Supp.2d 948, 955 (W.D. Wis. Aug. 17, 2007) (A hearing officer "is not required to believe the prisoner in every instance or face liability for violating the prisoner's constitutional rights.") And, Chapman has made clear that Achterberg, not Lundmark, made the decision to deny Chapman's request that Migala testify. Lundmark cannot be held responsible for someone else's decision. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").

I recommend that Chapman's complaint be dismissed because he fails to state a claim upon which relief can be granted.

**THEREFORE, IT IS RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. Objections are to be submitted to institution staff, who will scan and email documents to the court. If plaintiff ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his objections to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin this 28th day of June, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge