UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARQUIS CHAPMAN,

                Plaintiff,

v.                                                  Case No. 17-cv-266-pp

CO MIGALA,
CAPTAIN LUNDMARK, and
SECURITY DIRECTOR ACHTERBERG,

                Defendants.

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 12) AND DISMISSING THE COMPLAINT (DKT. NO. 1)**

On February 27, 2017, the plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. A few days later, the plaintiff consented to the jurisdiction of U.S. Magistrate Judge Nancy Joseph. Dkt. No. 5. The next day, on March 3, 2017, Judge Joseph screened the plaintiff's complaint and dismissed the case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), based on the plaintiff's failure to state a claim. Dkt. No. 8.

The plaintiff filed a motion for reconsideration, arguing that a magistrate judge can dismiss a case only if all of the parties have consented. Dkt. No. 10. The plaintiff further argued that, because only the plaintiff (but not the defendants) had consented to magistrate judge jurisdiction, Judge Joseph did not have the authority to dismiss his case. Id. Based on a recent case from the

1

Seventh Circuit Court of Appeals, Judge Joseph agreed, and granted the plaintiff's motion for reconsideration. Dkt. No. 11(see Coleman v. Labor and Industry Review Commission of Wisconsin, 860 F.3d 461 (7th Cir. 2017)).

On June 28, 2017, Judge Joseph vacated her dismissal order, construed the dismissal order as a report and recommendation, and asked the clerk's office to randomly reassign the case to a district court judge for a decision on the report and recommendation. The clerk's office assigned the case to this court.

Judge Joseph recommends that the court dismiss the plaintiff's complaint because he fails to state a claim upon which relief can be granted. Dkt. No. 12 at 7. She further recommends that the court give the plaintiff a strike under 28 U.S.C. § 1915(g). The plaintiff did not object to Judge Joseph's recommendation.

The court has reviewed Judge Joseph's report and recommendation and agrees with her analysis of the plaintiff's complaint. The plaintiff's complaint does not contain any facts indicating that, in writing the conduct report against the plaintiff, Migala was motivated by a desire to discourage the plaintiff from exercising his First Amendment rights. The plaintiff's own version of the facts demonstrates that Migala had other motivation for writing up the conduct report—the plaintiff's refusal to return Migala's key. Without some facts indicating that the plaintiff's threat to file an inmate complaint against Migala was "at least a motivating factor" in Migala's decision to write the conduct report, the plaintiff cannot state a retaliation claim against Migala. The

plaintiff's case against Acterberg is even thinner. He alleges that Acterberg refused to require Migala to testify at the disciplinary hearing because Acterberg was deliberately avoiding knowing the truth about Migala's misconduct. Even if this is true, it doesn't state a First Amendment retaliation claim. A motivation to avoid the truth is not a motivation to chill someone's First Amendment rights.

The court **ADOPTS** Judge Joseph's report and recommendation entirely, and incorporates her conclusions and the reasoning supporting those conclusions in this order.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

The court further **ORDERS** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 27th day of July, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**